UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SCOTTSDALE INSURANCE COMPANY,

                        Plaintiff,

                - against –

BO STEEL GROUP, INC., KSK
CONSTRUCTION GROUP, SEVENBERRY
CONSTRUCTION LLC, 31-02 NORTHERN
BLVD LLC, 30-36 NORTHERN BLVD LLC,
AND ENEFRY ADONIS HIERRO

                        Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

14-cv-07318 (AMD) (VMS)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 02 2018 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, District Judge.

       The plaintiff, Scottsdale Insurance Company, seeks rescission of commercial and general insurance policies it issued to Bo Steel Group; the plaintiff alleges that Bo Steel made material misrepresentations under New York Insurance Law § 3105(a). (ECF No. 1; ECF No. 116-29.)[1] On April 11, 2017, the parties stipulated to dismissal of claims against KSK Construction Group and 31-02 Northern Blvd LLC. (ECF No. 105.) On August 31, 2017, the parties resolved the underlying personal injury action pursuant to a stipulation of discontinuance in New York state supreme court. (ECF No. 116-27.) At a pre-motion conference on October 5, 2017, the plaintiff agreed to dismiss all claims against the remaining defendants, with the exception of Bo Steel and Sevenberry Construction LLC ("Sevenberry"). (Minute Entry on 10/5/2018.) The plaintiff and

---

[1] The plaintiff's complaint included an additional claim for declaratory judgment. (ECF No. 1.) Because the plaintiff does not raise this claim in its motion for summary judgment, I do not address it.

1

remaining defendants cross-moved for summary judgment. For the reasons that follow, I grant the plaintiff's motion for summary judgment, and deny the defendants' motion.

## BACKGROUND

This case arises from a state court lawsuit by a Bo Steel employee, Enefry Adonis Hierro, against Bo Steel, for injuries he sustained on June 13, 2014, while installing metal decking on a 12-story storage facility in Long Island City, New York. (ECF No. 112-1.) The parties settled that suit on June 25, 2014. (ECF No. 115 at ¶ 89; ECF No. 116-29 at 9.) The plaintiff, one of Bo Steel's insurance providers, did not incur any financial loss as a result of that settlement. (ECF No. 119-2 at 2.)

During its investigation of Hierro's personal injury claim, the plaintiff says that it uncovered material misrepresentations in Bo Steel's insurance application. The parties agree that Bo Steel made the following representations: (1) that Bo Steel does not perform work above two stories "in height from grade;" (2) that Bo Steel described its operations as "decorative steel-fencing, railings, and grates;" (3) that Bo Steel's total payroll was $27,500.00; (4) that Bo Steel's receipts and sales for the "current year" were $350,000.00; (5) that Bo Steel described its trade as "fence dealers;" (6) that Bo Steel listed itself as a "100% artisan" contractor, and that its work was 10% "residential/new," 90% "residential/remodeling," and 0% industrial or commercial. (ECF No. 112-1 at ¶¶ 13-18; ECF No. 68-3 at 2.) The parties also agree that the insurance policy includes a provision that the plaintiff issued the insurance policy "in reliance" on Bo Steel's representations, and that Bo Steel agreed to the accuracy and completeness of its statements and representations. (ECF No. 112-1 at ¶ 21.) The plaintiff issued Bo Steel commercial general liability insurance for a period covering January 14, 2013 to January 14, 2014. (ECF No. 112-1 at ¶¶ 12, 20.)

The following year, Bo Steel applied for and was issued renewal of its insurance policies for the period covering January 14, 2014 to January 14, 2015; Bo Steel made virtually identical representations and statements to its previous insurance application (except that Bo Steel reported that its receipts and sales for the year were $300,000.00). (ECF No. 112-1 at ¶¶ 24-28.) The plaintiff asserts that Bo Steel misrepresented: (1) the height at which it performs work; (2) the nature of its operations; (3) its total payroll; and (4) its sales and receipt information. (ECF No. 116-29 at 7-8). The defendants argue that there is no justiciable controversy because the underlying case was settled, and denies that it made material misrepresentations. (ECF No. 117-16; ECF No. 121; ECF No. 121-4.)

## DISCUSSION

Summary judgment is appropriate only if the parties' submissions show that there is "no genuine dispute as to any material fact," and that the movant is therefore "entitled to judgment as matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant has the "burden of showing the absence of any genuine dispute as to a material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). "Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." *Ethelberth v. Choice Sec. Co.*, 91 F.Supp.3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "The non-moving party 'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that [its] version of the events is not wholly fanciful.'" *Id.* (quoting *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998)). The court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010).

### A. Justiciable Controversy

As a threshold matter, the defendants argue that there is no longer a justiciable case or controversy, because Hierro's underlying personal injury case was settled without any loss to the plaintiff. (ECF No. 117-6.) The defendants rely on *Solo Cup Co. v. Federal Ins. Co.*, 619 F.2d 1178 (7th Cir. 1980), which they contend is "controlling" on the issue of justiciability. It is not. Not only is the case from another circuit, but it is easily distinguishable. The issue in *Solo Cup* was whether the plaintiff – an employer – was entitled to declaratory judgment that the insurer indemnify it against future discrimination claims. Citing the Declaratory Judgment Act, 28 U.S.C. § 2201, and Article III of the Constitution, the Seventh Circuit held that the issue was not ripe for adjudication, because the "mere possibility that proceedings might be commenced against an insured . . . to which the insurer might contest coverage, is not sufficient to create" a justiciable controversy. *See id.* at 1189.

Here, the plaintiff does not seek declaratory judgment to protect itself against future legal actions; it seeks rescission of insurance policies based on alleged material misrepresentations – an issue on which the Second Circuit has spoken. In *Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48 (2d Cir. 1996), the insurance company sought, among other things, to rescind insurance policies because the defendants made material representations in the application process; like this case, the underlying actions were settled. *Id.* at 51. The Second Circuit concluded that the insurance company's "claim to rescind its policies is *by itself* a justiciable controversy," and that the insurance company had a "practical interest" in the rescission of the policies. *Id.* at 51-52 (emphasis added).

In particular, the court explained that justiciability did not hinge on the existence of a live controversy, because an insurer could lose its ability to rescind the policy if it did not act

4

promptly. *Republic*, 77 F.3d at 52 ("[A]s a general matter, the law requires that the right to rescind be promptly exercised."); *see also GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim*, 593 F.Supp.2d 471, 483 (E.D.N.Y. 2009) ("New York law is crystal clear on this point – when an insurer seeks to rescind a contract . . . based on material misrepresentations . . . it must promptly disaffirm the contract upon learning of the misrepresentations . . . .") (collecting cases). The plaintiff here asserts the same argument – that it seeks rescission now, so that it does not lose its ability to rescind in the future. (ECF No. 116-29 at 10-11; ECF No. 119-2.) Accordingly, the issue is justiciable.

### B. Material Misrepresentations

The plaintiff cites four material misrepresentations in Bo Steel's policy application: (1) Bo Steel performed work above two stories; (2) Bo Steel engaged primarily in "structural metal work," not "decorative iron work;" (3) Bo Steel misstated its revenue; (4) Bo Steel worked in commercial and industrial projects, not residential projects, as it claimed. (ECF No. 116-29.)

Under New York insurance law, an insurer may rescind an insurance policy that was issued in reliance on material misrepresentations by the insured that, had the insurer known them to be false, would have entitled the insurer to refuse coverage. *See* N.Y. Ins. Law § 3105(a); *Fidelity and Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008); *Continental Cas. Co. v. Marshall Granger & Co.*, LLP, 6 F.Supp.3d 380, 389 (S.D.N.Y. 2014) (collecting cases). "Such a policy is considered void *ab initio*, and all obligations under a rescinded policy are therefore extinguished." *Scottsdale Ins. Co. v. Priscilla Props., LLC*, 254 F.Supp.3d 476, 480 (E.D.N.Y. 2017) (quoting *Chicago Ins. Co. v. Kreitzer & Vogelman*, No. 97-cv-8619-RWS, 2000 WL 16949, at *5 (S.D.N.Y. Jan. 10, 2000)) (internal quotation marks omitted). "The insurer bears the burden of establishing that there has been a misrepresentation

5

and that the misrepresentation was material." *Id.* (internal quotation marks omitted). A single material misrepresentation may suffice for purposes of rescission. *See* N.Y. Ins. Law § 3105(a); *Principal Life Ins. Co. v. Locker Group*, 869 F.Supp.2d 359, 369 (E.D.N.Y. 2012) (a single material misrepresentation was sufficient to grant insurer's motion for rescission).

### i. The Defendants' Misrepresentation

In both the initial insurance application and renewal application, Bo Steel represented that it did not do work "above two stories in height from grade." (ECF Nos. 68-3 at 3, 68-6 at 4.) There is no material dispute that at the time Enefry Hierro was injured, Bo Steel was engaged in work above two stories. Mr. Hierro and defendant Sevenberry's representative testified as much, and the photographic evidence establishes that Mr. Hierro was working on the 10th floor of a 12-story building when he was hurt. (ECF Nos. 116-15 at 3; 116-16; 116-21 at 8; 116-22 at 4.)[2] Clearly, Bo Steel misrepresented the height at which it performs work.

### ii. Materiality

Bo Steel does not deny that it misrepresented the building's height, nor could it do so persuasively, given the testimony by its representative that the company's work included, "structural steel work on [ ] the building and also working on the roof of the building," and "installing metal decking on [ ] the building, including the roof." (ECF No. 116- 25 at 17.) Bo Steel asserts that the misrepresentations are immaterial, because the plaintiff's underwriting guidelines would preclude issuing insurance to Bo Steel only if it performed work above three stories on a building's *exterior*, and that the work that Bo Steel performed on the Northern Boulevard project was *interior* work. (ECF No. 116-26; ECF No. 121.) However, there is no

---

[2] The defendants do not deny that Mr. Hierro was working on the tenth floor, but point out that he fell only one story, (ECF No. 115 at ¶ 45); this point is irrelevant to determining whether the insured made a material representation in its insurance application.

6

dispute (and the documentary and deposition evidence shows), that the plaintiff could decline to insure Bo Steel if it had known that Bo Steel performed exterior work above three stories. (ECF No. 116-35 at 6 (New York Artisan Program); ECF Nos. 116-24 at 5, 116-30 at ¶39.) The same underwriting guidelines also prohibit issuing coverage for contractors that perform "roofing operations." (ECF No. 116-35 at 6.)[3]

There is no dispute that Bo Steel worked on the roof of the building at Northern Boulevard, which I find constitutes exterior work.[4] (*E.g.*, ECF No. 112-1 at ¶ 51; ECF No. 116-22 at 6.) Thus, the misrepresentation it made is material, and the insurance policies the plaintiff issued to Bo Steel are void.[5] *See, e.g., Continental Cas. Co. v. Marshall Granger & Co., LLP*, 6 F.Supp.3d 380, 389 (S.D.N.Y. 2014) ("New York law entitles an insurer to rescind an insurance policy – and the policy is deemed void *ab initio* – if it was issued in reliance on material misrepresentations.") (citing cases).

## CONCLUSION

For the foregoing reasons, I grant the plaintiff's motion for summary judgment, and deny the defendants' motion.

SO ORDERED.

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
June 29, 2018

---

[3] The defendants submit an "expert report" that concludes without elaboration that "Bo Steel did not misrepresent any fact relating to the work height of [the Northern Boulevard Project], because its work was interior, not exterior;" a conclusion that "does not change even though, purportedly, the project involved work on the roof of the building." (ECF No. 116-26 at 8).

[4] It is not clear why the parties believe that expert testimony is necessary to resolve what seems to be a relatively straightforward question. *See Allen v. City of New York*, 466 F.Supp.2d 545, 548 (S.D.N.Y. 2006) (expert testimony admissible when it addresses "lay matters which a [finder of fact] is capable of understanding and deciding without the expert's help"). Neither party asserts that the terms "exterior" and "interior" have any specialized meaning.

[5] Because I determine that Bo Steel made a material misrepresentation about the height of the work it performs, I do not address the plaintiff's contentions about Bo Steel's other alleged misrepresentations.